## UNDERWOOD *v.* FARRELL.

Opinion delivered October 31, 1927.

1. EVIDENCE—JUDICIAL NOTICE.—The court takes judicial notice that the Boys' Industrial School at Pine Bluff is an institution for the care, imprisonment, and reformation of delinquent criminals, convicted of a felony.
2. INFANTS—JURISDICTION TO SENTENCE TO INDUSTRIAL SCHOOL.— Where a 16-year-old boy, charged with the crime of arson, had not been convicted by a jury or on a plea of guilty in the circuit court, the juvenile court was without jurisdiction to sentence him as a delinquent to the Boys' Industrial School, established under Acts 1917, p. 288, § 1, for imprisonment which might be imposed on a conviction for arson.

Certiorari to Greene Circuit Court; *W. W. Bandy,* Judge; judgment quashed.

*M. P. Huddleston* and *Jason L. Light,* for appellant.

*H. W. Applegate,* Attorney General, and *John L. Carter,* Assistant, for appellee.

SMITH, J.: On the 19th day of July, 1927, information was filed by the deputy prosecuting attorney of Greene County before a justice of the peace of that county, charging Archie Underwood with the crime of arson, alleged to have been committeed by the accused by burning a building, the property of James Keisler, and at the

examining trial the accused was held to await the action
of the grand jury of that county at its ensuing term.

On the day of this trial Keisler filed a petition in the
juvenile court of Greene County, charging that the said
Archie Underwood was a delinquent child, sixteen years
old, and "that said child has committed some wrongful
acts, and that his parents fail to control him." The hear-
ing of this petition was had on the following day, and the
court found that "said Archie Underwood is guilty of
delinquency, and should be sent to the Boys' Industrial
School at Pine Bluff." Upon this finding it was adjudged
that the sheriff of the county "take immediate charge of
the said Archie Underwood and deliver him to the Boys'
Industrial School at Pine Bluff, Arkansas, there to
remain in the care, custody and control of the authorities
of the said Boys' Industrial School for a term of three
years."

Immediately thereafter a petition for a writ of
habeas corpus was filed by the father of said Archie
Underwood, in the circuit court, and, at the same time,
a petition for a writ of certiorari was filed, praying the
circuit court to quash the order and judgment of the
juvenile court. By consent these petitions were heard as
a single cause, and the prayer thereof denied, and the
infant was remanded to the sheriff of the county, to be
delivered to the authorities of the Boys' Industrial
School, as directed by the order of the juvenile court,
and this proceeding has been brought before us by cer-
tiorari for review.

We judicially know that the Boys' Industrial School
at Pine Bluff, to which the order of the juvenile court
committed the petitioner, Archie Underwood, is an insti-
tution used for the care, imprisonment and reformation
of delinquent criminals who have been convicted of the
commission of some felony. This institution was estab-
lished under authority of act 67 of the Acts of 1917 (vol.
1, p. 288, Acts 1917), § 1 of which recites that its erection
and maintenance was authorized for "the purpose of
securing a better location and improved condition for

the State Reform School, *  *  * '' etc. Sections 802 *et seq.*, C. & M. Digest.

Section 804, C. & M. Digest, provides that all persons under the age of eighteen years hereafter sentenced to the penitentiary shall be committed to and placed in the reform school, provided that persons under that age convicted of a felony may be sent to the penitentiary, if, in the judgment of the trial judge, such course may be expedient.

The Boys' Industrial School at Pine Bluff is therefore an institution designed for the care, imprisonment and reformation of juvenile criminals, and it was to this institution that the order of the juvenile court committed the petitioner, Archie Underwood.

The testimony taken before the county judge, as judge of the juvenile court, was to the effect that the petitioner was not, prior to the commission of the alleged crime of arson, delinquent, and his delinquency consisted in the commission of that crime, if, in fact, he is guilty of it.

The evident purpose of the order here under review was to punish the delinquent. He was sentenced to the institution to which juvenile felons may be sent, and for the definite period of three years, which is a sentence that might have been imposed upon a conviction before a jury for the crime of arson. Section 2422, C. & M. Digest.

It was not the purpose of the law under which the juvenile courts function to confer any such jurisdiction. The intention of the Legislature was declared in the case of *Ex parte King,* 141 Ark. 213, 217 S. W. 465, where it was said:

"The intention of the lawmakers was not to confer upon the county court the power to institute proceedings against minors by way of criminal prosecution or punishment for alleged violations of law. The act therefore could not be construed as depriving minors of that personal liberty guaranteed by the Constitution and trial by jury before they can be deprived of that liberty. On the contrary, the sole purpose of this act seems to be to

supply those who are 'destitute, homeless, abandoned,' wayward, or incorrigible, who have not yet arrived at the age where they are entitled, by the law of nature or of the State, to absolute freedom, with such environments as will conduce to their physical, moral and intellectual wellbeing. This law undertakes to reclaim and reform, rather than to condemn and punish. For these unfortunate minors who come within the terms of the act it opens the doors of an asylum, but not a jail.''

The order here under review is such a sentence as could have been imposed only after a trial before and a conviction by a jury in the circuit court, or upon a plea of guilty in that court. The juvenile court should not have sentenced petitioner to a definite term of imprisonment, as upon a conviction for a crime, as it was without jurisdiction so to do, and that judgment will therefore be quashed, and it is so ordered.

Of course the criminal proceeding begun by the deputy prosecuting attorney is not involved here.